UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Isaiah Hartford Herndon, | Case No. 2:25-cv-00722-CDS-DJA |
| Plaintiff, | |
| v. | Order |
| City of Reno, Casey Thomas, and Steven Welin, | |
| Defendants. | |

High Desert State Prison inmate Isaiah Hartford Herndon has submitted an application to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 10). Plaintiff has also moved for appointment of counsel (ECF No. 8), and has filed an amended complaint (ECF No. 11). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. Because Plaintiff does not demonstrate exceptional circumstances, the Court denies Plaintiff's motion for appointment of counsel without prejudice and with leave to refile. Because Plaintiff is proceeding *in forma pauperis*, and because amended complaints supersede original complaints, the Court screens Plaintiff's amended complaint. On screening, the Court dismisses Plaintiff's amended complaint without prejudice and with leave to amend because it appears that Plaintiff's claims are time barred.

**I.     *In forma pauperis* application.**

Plaintiff has filed the forms required to proceed *in forma pauperis*. (ECF No. 10). Plaintiff's forms are complete[1] and Plaintiff has shown an inability to prepay fees and costs or

---

[1] The Court notes that Plaintiff's has dated his application "this 5 day of 1, 2025" and signed it dated "5-1-25." (ECF No. 10 at 3). This appears to be a typo because Plaintiff did not initiate this action until April 24, 2025, and filed his prior, incomplete application on May 6, 2025. Additionally, despite the discrepancy in the date on Plaintiff's application, his financial certificate is dated June 17, 2025, and provides up-to-date information. (*Id.* at 4-11). Even if Plaintiff did

give security for them.  So, the Court will grant Plaintiff's application to proceed *in forma pauperis*.  (ECF No. 10).

## II. Screening Plaintiff's complaint.

### A. Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,

---

complete his application in January of 2025, the Court would not find that reason alone to deny it. Plaintiff's financial records indicate that he has been incarcerated since before January 5, 2025, the date he purports to have completed his application.  So, even if Plaintiff did complete his application in January of 2025, it is not likely that the information he provided regarding his last paycheck (received in November of 2021), his lack of income, his lack of dependents, or his lack of valuable property has materially changed.  To the extent it has, it is also likely that his financial records, dating back to December of 2024, would reflect that change.  The Court therefore does not find Plaintiff's date discrepancy to be sufficient reason to deny his application.

556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**B.     Discussion.**

1.     <u>The Court screens Plaintiff's amended complaint.</u>

Plaintiff has filed an amended complaint. (ECF No. 11). The Court finds that the amended complaint is properly made as a matter of course under Federal Rule of Civil Procedure 15(a)(1) and supersedes the original complaint. *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015). So, the Court screens Plaintiff's amended complaint.

### 2. Plaintiff's allegations.

Plaintiff alleges that on November 5, 2021, he was standing in the parking lot of his apartment building and having a heated discussion with an individual. That individual threatened Plaintiff by pulling out a firearm and firing one round in the air. Plaintiff returned back to his apartment and began experiencing a mental health crisis, which involved talking to himself and making noise. Upon hearing the noise, his neighbor called the Reno Police Department.

Reno Police Officers Casey Thomas and Steven Welin responded to the call and knocked on Plaintiff's door. Not knowing whether the officers were the individual with whom Plaintiff had been arguing, Plaintiff asked the officers to state their name. The officers did not state their names and so, Plaintiff opened his door while holding a firearm. The officers opened fire on Plaintiff, striking him five times. Plaintiff subsequently spent fifty five days in the hospital, underwent ten surgeries, and underwent six months of dialysis because of the shooting.

Plaintiff alleges that the officers violated his Fourth Amendment right to have them knock and announce themselves. Plaintiff also alleges that the officers used excessive force in violation of the Fourth Amendment. Plaintiff alleges that the City of Reno failed to implement procedural safeguards to prevent its officers from violating his constitutional rights.

### 3. Statute of limitations.

It appears that Plaintiff's claims are barred by the statute of limitations. Plaintiff's claims that Defendants violated his Fourth Amendment rights arise under 42 U.S.C. § 1983, which statute provides a method for enforcing individual rights secured by the Constitution. *See Gonzaga University v. Doe*, 536 U.S. 273, 285 (2002). The statute of limitations for § 1983 claims is two years. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (holding that federal courts apply the forum state's personal injury statute of limitations for 42 U.S.C. § 1983 claims); *see Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curium) (citing Nev. Rev. Stat. § 11.190(4)(e) and stating that Nevada's statute of limitations for personal injury claims is two years).

Plaintiff alleges that Defendants violated his rights in November of 2021, nearly four years ago. So his claims, as alleged, are time barred and the Court dismisses them. However,

because Plaintiff could presumably allege facts that would show that his claims have been tolled the Court dismisses Plaintiff's complaint without prejudice and with leave to amend.

### III. Plaintiff's motion for appointment of counsel.

Plaintiff moves for appointment of counsel, arguing that he is unable to afford counsel, that his imprisonment will limit his ability to litigate, that the case is complex, that he has limited access to the law library and knowledge of the law, that a trial will involve conflicting testimony, and that he has attempted to obtain counsel. (ECF No. 8). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court denies Plaintiff's motion because it does not find that he has demonstrated exceptional circumstances at this stage in the litigation. This case has not yet passed screening and is therefore still at a very early stage. As a result, the Court cannot determine Plaintiff's likelihood of success on the merits. Additionally, although Plaintiff has not alleged claims that have passed screening, he has demonstrated an ability to articulate his claims pro se. Plaintiff also describes hardships that nearly every incarcerated pro se litigant faces in pursuing their claims. So, at least at this stage of the litigation, Plaintiff has not demonstrated exceptional circumstances and the Court denies his motion for appointment of counsel without prejudice.

///

///

///

1    **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 10) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the High Desert State Prison will forward payments from the account of **Isaiah Hartford Herndon, Inmate No. 1234816**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 8) is **denied without prejudice and with leave to refile.**

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 11) is **dismissed without prejudice and with leave to amend** for failure to state a claim upon which relief can be granted. Plaintiff will have until **October 27, 2025,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in

an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: September 26, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE