# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Isaiah Hartford Herndon,

               Plaintiff

v.

City of Reno, et al.,

               Defendants

Case No. 2:25-cv-00722-CDS-DJA

**Order Adopting Magistrate Judge's Report and Recommendation**

[ECF No. 13]

Plaintiff Isaiah Hartford Herndon initiated this civil rights lawsuit against the City of Reno and two police officers without submitting an application to proceed *in forma pauperis* (IFP) or paying the civil case filing fee. So U.S. Magistrate Judge Daniel J. Albgrets ordered Herndon to either file an IFP application or pay the $405 filing fee. Order, ECF No. 3. After several unsuccessful attempts, Judge Albgrets granted Herndon IFP status but dismissed his first amended complaint with leave to amend by October 27, 2025. Order, ECF No. 12. That deadline passed without Herndon filing an amended complaint or otherwise responding, so Judge Albregts issued a report and recommendation (R&R) that I dismiss this case. R&R, ECF No. 13.

Herndon had fourteen days—until February 16, 2026—to file any specific, written objections to the magistrate judge's R&R. *Id.* at 2 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline also passed, and no objections to the R&R are filed.[1] The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d

---

[1] Although the R&R was returned as undeliverable (*see* ECF No. 14), Judge Albregts's prior order directing Herndon to file an amended complaint was not returned as undeliverable. Herndon has therefore also failed to notify the court of his current address, a violation of Local Rule IA 3-1 (a "pro se party must immediately file with the court written notification of any change of mailing address").

1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless make an independent review here. Indeed, I find that the record demonstrates that, despite an opportunity to do so, Herndon did not file a second amended complaint. In light of this, Judge Albgrets considered the *Carey v. King* dismissal factors and found they weighed in favor of dismissal. ECF No. 13 (citing 856 F.2d 1439, 1440 (9th Cir. 1998)). I agree that dismissal is warranted. This litigation cannot move forward without the participation of the plaintiff, and because Herndon failed to update his address, issuing another order is not a meaningful alternative in this circumstance. *Carey*, 856 F.2d at 1441 ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."). There are no alternative sanctions other than dismissal when the court cannot contact Herndon to communicate the alternatives. For those reasons, I accept the R&R in its entirety and dismiss this matter.

**Conclusion**

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 13] is accepted and adopted in full**; therefore, Herndon's first amended complaint is dismissed without prejudice. The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: February 24, 2026

_____
Cristina D. Silva
United States District Judge

2